**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Don Powell, | No. CV-21-00054-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before this Court is Plaintiff Marcus Don Powell's First Amended Complaint ("FAC"). (Doc. 7.) Plaintiff originally brought this case pro se on January 12, 2021 against the Social Security Administration ("SSA") and against Administrative Law Judge ("ALJ") Rebecca Jones. (*Id.*) The Court granted Plaintiff's application to proceed *in forma pauperis* on January 15, 2021. The Court has screened Plaintiff's FAC pursuant to 28 U.S.C. § 1915(e)(2)(B) and approves in part and dismisses in part Plaintiff's claims against the SSA. Plaintiff's claims against ALJ Jones are dismissed with prejudice.

## I.   LEGAL STANDARD

When a party proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(2) requires the Court to screen lawsuits and dismiss them *sue sponte* if it determines "the action or appeal…fails to state a claim on which relief may be granted..." *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). To adequately state a claim, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader

1    is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Fed. R.

2    Civ. P. 8(a)(3). While detailed factual allegations are not required, "Threadbare recitals of

3    the elements of a cause of action, supported by mere conclusory statements, do not suffice."

4    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "must contain sufficient factual

5    matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Id*. (quoting

6    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Thus, a complaint should

7    contain "factual content that allows the court to draw the reasonable inference that the

8    defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

9    ## II.    STATUTORY SCREENING

10          Plaintiff brings three causes of action against the SSA. (Doc. 7.) The Court

11   construes his first claim as an appeal from the SSA's denial of his disability benefits. (*Id.*

12   at 1-2.) The Court has determined that Plaintiff states a claim for an appeal from the SSA's

13   denial of his disability benefits.

14          Plaintiffs second claim is for "intentional infliction of emotional distress/attempted

15   murder." (*Id.* at 2.) To proceed with a tort claim against the United States, Plaintiff must

16   meet two requirements under the Federal Torts Claims Act ("FTCA"): "(1) file a claim

17   with the appropriate federal agency within two years of the claim's accrual; and (2) file

18   suit within six months of the administrative denial of the claim." *Cook v. Social. Sec.*

19   *Admin.*, No. C 06-1965 RS, 2008 WL 5211242, at *1 (N.D. Cal. Dec. 11, 2008) (citing 28

20   U.S.C. § 2401(b); *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984)). Under

21   the FTCA, Plaintiff must exhaust all administrative remedies before bringing a tort claim

22   against the United States. 28 U.S.C. § 2675(a). If the claim is not presented before

23   commencing suit in federal court, it must be dismissed. *Id.* at *2 (citing *McNeil v. United*

24   *States*, 508 U.S. 106, 111 (1993)). Here, Plaintiff has failed to allege that he exhausted his

25   administrative remedies under the FTCA before bringing his tort claim. Further, Plaintiff

26   has failed to allege facts sufficient to support his claim for "intentional infliction of emotion

27   distress/attempted murder." Considering the nature of the action, the Court believes any

28   attempt to amend the claim is futile because it determines that this claim could not be cured

by the allegation of other facts. *See Lopez*, 203 F.3d at 1130. Simply put, the Court cannot see how the denial of Plaintiff's disability benefits resulted in intentional infliction of emotional distress or attempted murder. Thus, the Court dismisses Plaintiff's claim for intentional infliction of emotional distress/attempted murder with prejudice.

Plaintiff's third claim is for "improper and invalid jurisdiction over a person." (*Id.* at 2.) However, the Court is not aware of a jurisdiction that authorizes such a claim. Therefore, this claim is dismissed with prejudice.

The Court determines that Plaintiff has sufficiently stated a claim against the SSA. However, Plaintiff has again improperly listed ALJ Jones as a Defendant in this action. The Supreme Court has acknowledged that ALJ's are afforded absolute immunity, ruling "[t]here can be little doubt that the role of the modern federal hearing examiner or administrative law judge...is 'functionally comparable' to that of a judge." *Butz v. Economou*, 438 U.S. 478, 513-14 (1978) ("We therefore hold that persons subject to these restraints and performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts."); *see also Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). Therefore, ALJ Jones cannot be sued for liability arising from her judicial acts. Accordingly, the Court will dismiss ALJ Jones as a Defendant in this matter with prejudice.

III.     **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 7) is approved in part and dismissed in part. Plaintiff's claims for "intentional infliction of emotional distress/attempted murder" and "improper and invalid jurisdiction over a person" are dismissed with prejudice. All claims against ALJ Jones are dismissed with prejudice, and ALJ Jones is dismissed as a Defendant in this matter with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue a Summons and provide it to Plaintiff along with a blank U.S. Marshal Form 285 and certified copies of the First Amended Complaint (Doc. 7) and this Order.

1

2       **IT IS FURTHER ORDERED** that Plaintiff shall complete the U.S. Marshal Form

3   285 and return it along with the Summons and the Court-provided copies of the First

4   Amended Complaint and this Order to the Clerk of Court.

5       **IT IS FURTHER ORDERED** that the U.S. Marshal shall serve a copy of the First

6   Amended Complaint and Summons on Defendant as designated by Plaintiff on the

7   completed U.S. Marshal Form 285.

8       Dated this 4th day of February, 2021.

9

10

11

12   _____
     Honorable Susan M. Brnovich
13   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28