**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Don Powell, | No. CV-21-00054-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Reconsideration. (Doc. 11.) Plaintiff seeks reconsideration of this Court's order, issued February 8, 2021, dismissing with prejudice certain parts of Plaintiff's First Amended Complaint (FAC). (Doc. 10.) Specifically, Plaintiff requests the Court to reconsider the dismissal of his claim seeking compensation under the Federal Torts Claims Act ("FTCA") for alleged intentional infliction of emotional distress and attempted murder. (Doc. 11.) For the reasons outlined below, Plaintiff's motion is denied.

Motions for reconsideration are disfavored should only be granted "in rare circumstances." *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). "'Motions for Reconsideration are not the place for parties to make new arguments not raised in their original briefs,' nor should such motions be used to ask the Court to rethink its previous decision." *De Nunez v. Comm'r of SSA*, 2020 U.S. Dist. LEXIS 199540, at *1 (D. Ariz. 2020) (quoting *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003)). The Court may grant a motion for reconsideration if: (1) it is

presented with newly discovered evidence, (2) has committed clear error, (3) the initial decision was manifestly unjust, or (4) there is an intervening change in controlling law. (*Id.* at 1-2.) (citing *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). "In order to prove that the Court committed clear error, Plaintiff must demonstrate that the Court's action fell clearly outside the bounds of its authority." *Wallace v. Intel Corp.*, 2006 U.S. Dist. LEXIS 67693, at *9 (D. Ariz. 2007) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999)). "If the propriety of the Court's judgment is a debatable question, there is no clear error and the motion to reconsider is properly denied." *Id.*

Here, Plaintiff's sole grounds for reconsideration is that the Court erred in dismissing his FTCA claim. However, Plaintiff does not show that the Court committed clear error. The Court's previous order found that Plaintiff had not exhausted his remedies because he had not filed a report with the appropriate federal agency, and further determined the denial of benefits by the Social Security Administration would not support a claim for intentional infliction of emotion distress or attempted murder. (Doc. 10 at 2.) Plaintiff's Motion for Reconsideration does not show, or even allege, the Court acted outside its authority. Further, Plaintiff has not demonstrated the Court's decision contained any error, much less an error that is undebatable. *Wallace*, 2006 U.S. Dist. LEXIS 67693, at *9. Instead, Plaintiff's argument is nothing more than an attempt to reargue what the Court has previously decided. As such, the motion will not be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for reconsideration (Doc. 11) **is denied**.

Dated this 1st day of March, 2021.

Honorable Susan M. Brnovich
United States District Judge

- 2 -